## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **JAMES DAIL**, individually and on behalf of similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>**PAPA JOHN'S PADUCAH, LLC and ROBERT WORKMAN, individually**<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 5:18-cv-112-TBR<br>)<br>)<br>)<br>)<br>)<br>) |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### AND DISMISSAL OF CASE WITH PREJUDICE

Come now the Plaintiff James Dail and Defendants Papa John's Paducah, LLC (Collectively "Defendants") (Plaintiffs and Defendants collectively referred to herein as "Parties"), and hereby jointly notify the Court that they have resolved the above-referenced action and all claims raised therein. The Parties jointly move the Court for entry of an Order approving the Parties' settlement agreement resolving all claims raised in this matter under the Fair Labor Standards Act, 29 U.S.C. § 216(b). A copy of the Settlement and Release Agreement ("Settlement") is attached to the Parties' contemporaneously-filed Agreed Motion to file under seal as **Exhibit A**. Conditional on approval of the Settlement, the Parties hereby stipulate to the voluntary dismissal of this action in its entirety with prejudice under Fed. R. Civ. P. 41(a).

1. Plaintiffs filed a Complaint against Defendants on July 20, 2018, asserting a claim for back wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Following informal discovery, the Parties further discussed the matter and

reached a settlement pursuant to terms accepted by the Parties.

3. Notices were sent to all potential opt-ins and approximately 16 individuals joined the collective action (the "Opt-Ins").If this case were to continue to be litigated, the Parties would engage in further discovery that would come at great cost, including additional written discovery, Rule 30(b)(6) depositions, depositions of various Opt-Ins, and additional electronic discovery and damages analysis. To avoid further litigation costs, the Parties have agreed to settle the claims in this lawsuit.  The Parties have agreed to the Settlement, which will take effect following the Court's approval.  The settlement will bind Plaintiff and Opt-Ins, who have filed consents with the Court designating Plaintiff as their agent to make decisions on their behalf, including entering into settlement agreements. Because this case was filed as a "collective action" under the FLSA, individuals must affirmatively opt-in to be bound by the judgment and, when they do so, they become an actual "party plaintiff" to the action.  29 U.S.C. § 216(b).  In a lawsuit brought by an employee against his or her employer under § 216(b), the employee may settle and release FLSA claims if the parties present to the court a proposed settlement and the court approves the settlement. *Does 1-2 v. Deja Vu Services, Inc.*, 925 F.3d 886, 894 (6th Cir. 2019) ("In finding that the parties satisfied their burden to show that the Settlement Agreement was fair, the district court turned to *International Union, UAW, et al. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), which established a set of factors to determine the fairness of class action settlements."); *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("Before approving a settlement, a district court must conclude that it is "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(1)(C); see Fed.R.Civ.P. 23(e)(1)(A).")

4. All Parties are represented by experienced and competent counsel and the Parties

engaged in extensive negotiations. In addition, counsel for the Parties have discussed at considerable length Plaintiffs' assertions and Defendants' defenses, and their respective legal theories in support of their positions. This settlement of these claims results from a compromise between the Parties on a variety of *bona fide* disputes regarding issues of law and fact, including the applicable reimbursement rate and the propriety of Defendants' use and application of a tip credit. The Settlement occurred only after informal discovery, including production of payroll and reimbursement records to facilitate both Parties' ability to make detailed legal and factual analyses of the claims and defenses, and arms-length negotiation between Plaintiffs' counsel and Defendants' counsel. The Parties stipulate that they are resolving the matter to avoid unnecessary further costs, time, and risks associated with continuing this litigation. The Parties also considered the inherent risks in bringing the matter to trial, judicial resources, and the costs and time associated with further litigation and determined a settlement would be in the public's interest.

     5.    The Settlement negotiated in this case reflects a reasonable compromise of the disputed issues and other relevant considerations. All Parties, through their attorneys, voluntarily agreed to the terms of the Settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation, negotiation, and settlement process. Counsel for all Parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

     6.    The Settlement is also fair and equitable because the amounts apportioned to the different Opt-Ins and Plaintiff take into account and are apportioned based on the specific amount of miles driven, rate of reimbursement, and position at which each individual worked as an employee of Defendants.

7.      Plaintiffs also seek, and Defendants do not oppose, the payment of an additional enhancement amount to the Named Plaintiff of $2,500.00. The Plaintiff stepped forward to initiate this lawsuit under his name. He was directly and regularly involved in this litigation and accepted both financial and reputational risks by commencing and supporting it. He also helped counsel with factual background and assisted with the review of case documents to inform litigation strategy. He was further involved in the protracted settlement negotiations. Plaintiff's conduct benefited all Opt-Ins. The award to Plaintiff is reasonable and should be approved.

8.      The Parties have also reached an agreement on the amount of attorneys' fees payable to counsel for the Plaintiffs and Defendants do not oppose an award of attorneys' fees and costs, including and accounting for attorneys' fees and costs associated with administering the Settlement. Under 29 U.S.C. § 216(b), "[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The agreed upon amount for attorneys' fees and costs was negotiated separately from the amounts paid to Plaintiffs after agreement had been reached on the amounts to be recovered by Plaintiffs, is a fair and reasonable compromise of the actual fees and costs incurred by Plaintiffs' counsel during this near year-long litigation and those that will be incurred by Plaintiffs' counsel to fully administer the settlement. Though the amounts for Plaintiff's counsel's attorneys' fees and costs will not be finalized until the settlement has been administered, the negotiated amounts represent approximately 1/3 of the gross settlement amount, which is less than Plaintiff's counsel's actual fees incurred during the prosecution of this matter to date. Plaintiff's counsel will provide supplemental declarations regarding their fees incurred to date upon request by the Court.

9. Because the Settlement agreed to by the Parties is a fair and equitable compromise of a *bona fide* dispute, the Parties request that the Court approve the Settlement and enter a final judgment dismissing the case, in its entirety, with prejudice.

WHEREFORE, premises considered, the Parties jointly request that their Joint Motion for Court Review and Approval of Settlement and Dismissal of Case with Prejudice be granted and that this case be dismissed in its entirety, with prejudice. A proposed Order granting the Motion is also attached to hereto.

Respectfully submitted,

*/s/ David O'Brien Suetholz*
David O'Brien Suetholz
515 Park Avenue
Louisville, KY 40208
Phone: 502-636-4333
Email: davids@bsjfirm.com

J. Gerald Stranch, IV*
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa L. Parks, Avenue, Ste. 200
Nashville, TN 37203
Phone: (615) 254-8801
Fax: (615) 255-5419
Email: gerards@bsjfirm.com

J. Forester
Texas Bar No. 24087532
Matthew Haynie
Texas Bar No. 24087692
**FORESTER HAYNIE, PLLC**
400 North St. Paul Street, Suite 700
Dallas, TX 75201
(214) 210-2100 phone
(214) 346-5909 fax
www.foresterhaynie.com
*Counsel for Plaintiff*

*/s/ Timothy J. Weatherholt*
Timothy J. Weatherholt
**FISHER & PHILLIPS, LLP**
220 West Main Street, Suite 1700
Louisville, KY 40202
Telephone: (502) 561-3990
Facsimile: (502) 561-3991
E-Mail: tweatherholt@fisherphillips.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system.

*/s/ David O'Brien Suetholz*
David O'Brien Suetholz

FPDOCS 35433315.1